*17·CV·3833*

JS 44 (Rev. 06/17)  **JS**  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17  3833

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVID TAYLOR | Megan J. Brennan, Post Master General, USPS |

| **(b)** County of Residence of First Listed Plaintiff   Delaware (PA) | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Gerald R. Clarke, Clarke and Associates
119 S. Easton Rd, Ste 207, Glenside, PA 19038

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | New Drug Application | ❏ 470 Racketeer Influenced and |
| Student Loans | ❏ 340 Marine | Injury Product | | ❏ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 899 Administrative Procedure |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 950 Constitutionality of |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | State Statutes |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: CIVIL RIGHTS ACT OF 1964

Brief description of cause:
Retaliation for prior filing of racial discriminataion complaint; racial discrimination.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

AUG 25 2017

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE 08/23/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## JS

# UNITED STATES DISTRICT COURT

17    3833

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 850 Whitby Avenue, Yeadon, PA 19050-3510

Address of Defendant: 475 L'Enfant Plaza, SW, Washington, D.C. 20590

Place of Accident, Incident or Transaction: Plaintiff's workplace (USPS) - Delaware County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Gerald R. Clarke, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 08/23/2017    /S/ Gerald R. Clarke, Esquire    86236

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/23/2017    Gerald R. Clarke, Esquire    86236

AUG 25 2017

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

**JS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

David W. Taylor, Plaintiff        :                CIVIL ACTION

             v.               :

Megan J. Brennan, Post Master General,  :

USPS, Defendant                :      NO. 17   3833

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

08/23/2017        Gerald R. Clarke        Plaintiff

**Date**        **Attorney-at-law**        **Attorney for**

215-572-0530        215-884-4152        jclarke@clarkeandassoc.com

**Telephone**        **FAX Number**        **E-Mail Address**

(Civ. 660) 10/02

AUG 25 2017



## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

David W. Taylor,
      **Plaintiff**

        **v.**
                                 **JURY TRIAL DEMANDED**

Megan J. Brennan, Post Master General,
USPS
      **Defendant**
                              **Civil Action No:**

17 3833

## COMPLAINT

David W. Taylor, Plaintiff, files this complaint, demanding a jury trial and stating claims for relief as follows:

### JURISDICTION AND VENUE

1.  Plaintiff brings this action under the Civil Rights Act of 1964.

2.  This Court has jurisdiction pursuant to the following statutes:

    a.  42 U.S.C.§ 2000e-5, which gives district courts original jurisdiction over civil actions arising under Title VII of the Civil rights Act of 1964;

    b.  28 U.S.C. § 1343(a)(4), which gives district courts original jurisdiction over civil rights actions generally;

3.  Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the defendant's principal business location is located in this district.

### PROCEDURAL HISTORY

4.  Plaintiff initiated a complaint racial discrimination and retaliation for taking protected action against the defendant by formally filing an equal employment opportunity complaint with the US Postal Service ("EEOC") on December 8, 2016 (Agency Case Number 1C-191-0002-17).

5. This complaint was timely filed since the complaint was filed within 180 days of the alleged act of discrimination and the complaint.

6. The Plaintiff received a Final Agency Decision dated May 31, 2017, which included a notice of the right to file a civil action, by the United States Postal Service, National Equal Employment Opportunity Investigative Services Office (this document is attached to this Complaint as Exhibit A).

PARTIES

7. The Plaintiff is a citizen of the United States and resides at 850 Whitby Avenue, Yeadon, PA 19050-3510.

8. The Defendant is the Chief Executive Officer of the United States Postal Service ("USPS"), an independent agency of the Executive Branch of the United States of America.  Defendant's address is United States Postal Service Headquarters, 475 L'Enfant Plaza SW, Washington, D.C. 20590.

9. The Defendant is an employer that employs greater than 500 individuals.

FACTS

10. The Plaintiff is employed as a Tractor-Trailer Operator with USPS.

11. On September 21, 2016 the Plaintiff was disciplined for a workplace violation, receiving a seven day suspension.

12. In issuing this discipline, the Defendant violated the Collective Bargaining Agreement, Article 16, Sections (2) and (10) by jumping directly to suspension and not conducting a disciplinary discussion.

13. Further, this suspension was caused by referring to a Letter of Warning, later reduced to a "discussion" on August 2, 2013.

14. Since this discipline occurred more than two years before the recent discipline, it should have had no impact on the current disciplinary action.

15. Further, the Defendant failed to fairly dispense overtime hours.

16. Plaintiff had earlier been involved in protected activity, EEOC NO. 530-2015-00007X, Agency Number 4C-191-0012-14 which was settled on February 4, 2016.

17. The disciplinary action and the failure to fairly allow overtime was taken against the Plaintiff in retaliation for his earlier protected action.

## COUNT 1

### RETALIATION AGAINST THE PLAINTIFF IN RESPONSE
### TO EARLIER PROTECTED ACTION IN VIOLATION OF TITLE VII

18. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

19. The Plaintiff has engaged in protected activity, having filed and settled an EEOC complaint involving the same supervisor that inappropriately disciplined the Plaintiff in this matter.

20. The Defendant issued a seven day suspension for an alleged workplace rule violation that was in excess of the disciplinary action allowed under the USPS Collective Bargaining Agreement.

21. The Defendant did not have a valid, non-discriminatory reason to take this action.

22. The Defendant took this action in retaliation against the Plaintiff for engaging in protected action in violation of the Civil Rights Act of 1964.

## COUNT 2

### DISCRIMINATION - RACE

23. The Plaintiff is in a protected racial class - Black.

24. The Defendant issued a seven day suspension for an alleged workplace rule violation that was in excess of the disciplinary action allowed under the USPS Collective Bargaining Agreement.

25. The Defendant did not have a valid, non-discriminatory reason to take this action.

26. The Defendant's action was discriminatory against the Plaintiff's Race – Black – in violation of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant providing the following relief:

(a) Compensatory and non-compensatory damages in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive damages against Defendant in whatever amount, exclusive of costs and interest, the Plaintiff is found to be entitled;

(c) An order placing Plaintiff in the position that he would have been in had there been no violation of his rights;

(d) An award of interest, costs, and reasonable attorney's fees; and

(e) Such other and further relief as the Court deems appropriate.


Respectfully submitted,

/s/ Gerald R. Clarke
Gerald R. Clarke, Esquire (86236)
119 S. Easton Road, Suite 207
Glenside, Pa 19038
215-572-0530
Email: jclarke@clarkeandassoc.com
Attorney for Plaintiff

Dated: August 23, 2017